UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-01387 SRW |
| | ) |
| MISSOURI CENTRAL SCHOOL BUS,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Alexandra Harris brings this employment discrimination action against her former employer, Missouri Central School Bus. Before the Court is Plaintiff's motion for leave to proceed in forma pauperis. [ECF No. 2]. Upon consideration of the financial information submitted in support of the motion, the Court finds that Plaintiff is unable to pay the filing fee. The motion will be granted, and the fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Because Plaintiff is now proceeding in forma pauperis, the Court must review her complaint under 28 U.S.C. § 1915(e)(2)(B). Based on that review, the Court will direct Plaintiff to file an amended complaint within twenty-one (21) days, on a Court-provided form, in compliance with the instructions set out below.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a

---

[1] The caption of Plaintiff's complaint states, "Missouri Central Bus Central." The Court believes Plaintiff is intending to sue "Missouri Central School Bus." Accordingly, the Court will instruct the Clerk to change the caption to reflect Defendant's proper name.

"mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (a court must accept factual allegations in a complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

2

## The Complaint

Plaintiff, a former school bus driver, brings this action against her former employer, Missouri Central School Bus, alleging discrimination based on her color and her age, as well as retaliation, harassment, and termination of her employment. Plaintiff states she was hired as a bus driver in July of 2022, and her supervisor was Felicia Isabella. Approximately one month after beginning her employment, she was in an accident with her bus during work. Plaintiff claims, after the accident, Ms. Isabella began harassing her when she was assigned to the base. Plaintiff states that when she went to look for her set of keys, which should have been left on the board, she was unable to find them. However, the other drivers' keys were there. When Plaintiff finally found her keys, she was late picking up her assigned route. The next morning, Ms. Isabella allegedly called Plaintiff into her office to ask why she was late and told Plaintiff if she was late again, she would fire her.

The next day, Plaintiff alleges she was called to Ms. Isabella's office again. When Plaintiff sought Ms. Isabella out, Ms. Isabella asked Plaintiff why she was talking about her. Plaintiff allegedly responded, "why would I talk about [you], I don't even come in here for that I just want to work." Plaintiff states that she filed a complaint after leaving Ms. Isabella's office. Each day that week, Ms. Isabella called Plaintiff into her office accusing her of leaving kids at the school and leaving the bathroom "nasty."[2]

Plaintiff alleges that she would go to another supervisor named Booker to complain about Ms. Isabella, and she advised Plaintiff to file complaints. However, no one ever came to speak to Plaintiff about her complaints. In September, Plaintiff avoided Ms. Isabella by not entering the building and simply sitting outside until it was time to leave.

---

[2]Plaintiff states that the bathroom was a public restroom.

On November 4th, Ms. Isabella came over the radio and indicated that Plaintiff's bus, 1015, "keep leaving." Ms. Isabella was reporting this around 3 p.m. every day. Plaintiff understood, based on her discussions with Booker, that she could leave around this time every day if she had all her children. On an unnamed date, Ms. Isabella screamed on the radio that Plaintiff needed to turn around to get her kids. Plaintiff claims she was unable to do so because she was sitting "in between buses and couldn't move." On November 10th, Plaintiff was told by Ms. Isabella to turn in her keys because she was being suspended due to having four "write-ups." Plaintiff disputes that she had four "write-ups."[3] Plaintiff instead claims that Ms. Isabella's friends, who were also drivers, wrote false statements against Plaintiff.

Plaintiff asserts that she was a younger driver. She was told by Ms. Isabella that she could not wear certain clothing when she was working because "only young people wear that." Plaintiff was also told she could not wear long braids, "because it looks tacky." At the same time, another driver named Rachel was coming to work wearing pajamas and hairnets.

Plaintiff failed to fill out the portion of her complaint titled, "Request for Relief."

## Discussion

Plaintiff filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§ 621, *et seq.* However, her complaint lacks several essential elements, and the Court will require her to amend her pleading.

A.  **Failure to State a Claim**

First, Title VII requires that an administrative claim be filed with the Equal Employment Opportunity Commission prior to filing a lawsuit. *See* 42 U.S.C. § 2000e(f)(1). Once a plaintiff

---

[3]Plaintiff claims Ms. Isabella told her she was being written up for not picking up some kids, but when Plaintiff asked for video evidence, Ms. Isabella said she was unable to run tapes back.

4

has received a Notice of Right to Sue letter from the EEOC, the plaintiff must file her lawsuit within ninety (90) days of receipt of the Notice of Right to Sue. Plaintiff has not included with her complaint a Notice of Right to Sue from the EEOC; therefore, the Court is unable to ascertain if Plaintiff has properly exhausted her administrative remedies with respect to her claims.

Second, based on the age listed on Plaintiff's complaint, Plaintiff did not appear to be over the age of 40 when she was terminated in November of 2022. Plaintiff states she was born in 1987, which would make her approximately 35 years old at the time of her termination. The ADEA does not address discrimination against employees who are under the age of 40. *See Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (the "ADEA prohibits discrimination against employees, age 40 and over, because of their age").

Third, Plaintiff's Charge of Discrimination filed with the EEOC does not appear to include a claim for discrimination based on her race or color. To allege a color or race discrimination claim, Plaintiff must allege that she is a member of a protected class, she was meeting the employer's legitimate job expectations, she suffered an adverse employment action, and she was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). Plaintiff's complaint in this matter fails to meet these requirements. Plaintiff alleges discrimination based on color, but she never specifies her color in the body of her complaint or in her Charge of Discrimination, nor does she allege membership in any protected class. The Court cannot assume facts that are not alleged in the complaint. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Fourth, the Court notes that Plaintiff has not indicated in either her complaint or her

Charge of Discrimination that her employer's harassment and retaliation was because of her color. Title VII prohibits retaliation against an employee "because he [or she] has opposed any practice made an unlawful employment practice by [Title VII], or because he [or she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). In this case, there are no factual allegations suggesting that Plaintiff's complaints against Defendant were related to an unlawful employment practice or a Title VII action. Although the Court must liberally construe self-represented complaints, Plaintiff must plead enough factual allegations for her claims to be plausible.

Fifth, to state a claim for harassment under Title VII, Plaintiff must allege that: (1) she is a member of a protected group; (2) that there was unwelcome harassment; (3) that there was a causal nexus or connection between the harassment and her membership in the protected group; and (4) that the harassment affected a term, condition, or privilege of employment. *See Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942 (8th Cir. 2010) (citation omitted). Again, Plaintiff does not state any allegations indicating that she is a member of a protected group and therefore, her claim of harassment fails.

Lastly, Plaintiff must fill in the portion of her complaint titled, "Request for Relief." This portion of Plaintiff's complaint was left blank, and as such, the complaint is currently not fully completed. For these reasons, Plaintiff will be required to amend her complaint on a court-provided form for filing an employment discrimination action. Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure in preparing her complaint. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Plaintiff should be aware that any claims filed in this lawsuit must be like, or reasonably related to, those filed with the EEOC in her Charge of Discrimination. This means that her claims within her amended complaint must match those in her Charge of Discrimination. If Plaintiff's claims in her amended complaint do not match the claims in her Charge of Discrimination, they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

B. **Instructions for Amending the Complaint**

Rule 8 requires Plaintiff to set forth a short and plain statement of each of her claims showing entitlement to relief, and Rule 8 also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date or dates such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action or actions she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, race, disability, age, etc. As noted above, if she

7

believes she was discriminated against based on her race, she must note her race on the face of her amended complaint.

Plaintiff must attach a complete copies of her EEOC Charge of Discrimination and her EEOC Notice of Right to Sue. She may also attach any other documents she deems appropriate. These documents will be considered a part of the amended complaint for all purposes. Fed. R. Civ. P. 10(c). The Court will direct the Clerk of Court to provide Plaintiff with another Employment Discrimination Complaint form. Plaintiff will have twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier filed complaints in this action. Claims that are not alleged in the amended complaint are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

After the filing of Plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review for Plaintiff to proceed in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall change the docket to reflect Defendant's proper name: Missouri Central School Bus.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a blank

Employment Discrimination Complaint court form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, within **twenty-one (21) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff shall attach her EEOC Charge of Discrimination and EEOC Notice of Right to Sue to the amended complaint.

**IT IS FURTHER ORDERED** that failure to comply with this Court's Order will result in a dismissal of this action, without prejudice.

Dated this 21st day of December, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE