UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-1387 SRW |
| | ) |
| MISSOURI CENTRAL SCHOOL BUS, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon review of plaintiff Alexandra Harris' post-dismissal motion for reconsideration of the dismissal and to amend her complaint. The motion will be denied for the following reasons.

**Background**

Plaintiff instituted this action on October 31, 2023, by filing an employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§ 621, *et seq.* against her former employer Missouri Central School Bus.

After conducting the required review of the complaint, the Court entered an Opinion, Memorandum and Order on December 21, 2023, concluding that because plaintiff has failed to attach her notice of right to sue from the Equal Employment Opportunity Commission, the Court was unable to ascertain if she had properly exhausted her administrative procedures. Additionally, plaintiff's charge of discrimination failed to include a claim for race or color discrimination, despite her claims in her complaint that she had been discriminated against based on her race and her color. Moreover, plaintiff had alleged claims under the ADEA, but it did not appear that

plaintiff was over the age of 40 at the time of her termination. Last, plaintiff had failed to properly allege either harassment or retaliation claims under Title VII in her charge of discrimination. Plaintiff was given until January 11, 2024, to file an amended complaint, but she filed nothing by the deadline. On January 16, 2024, this Court dismissed this action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff filed the instant motion on January 22, 2024. In her motion, plaintiff states that she received the Court's Order "a week ago." She does not, however, explain why she failed to receive the Court's Order approximately fifteen (15) days after it was sent by this Court.[1] Additionally, she claims she "lost track of time," and she "was not aware the filing for a[n] amendment needed to be 21 days after." She requests an extension "to gather all the information that is needed to file suit which will be February 6, 2024." Plaintiff's current motion can be understood to ask that this case be reopened to allow her to file an amended complaint.

## Discussion

As noted above, the Court interprets plaintiff's motion as one seeking to reopen the present matter and to amend her complaint. After plaintiff failed to respond to the Court's December 21, 2023 Opinion, Memorandum and Order, the Court properly dismissed this action pursuant to Rule 41(b).

To the extent plaintiff believes she is seeking an extension of time to file an amended complaint, her motion is procedurally improper, as she cannot seek an extension of time to file an amended complaint *after this case has already been dismissed.*

---

[1]The Court presumes plaintiff received the Order no later than January 15, 2024, according to her assertion that she received the Court's Order "a week ago." Although plaintiff's amended complaint was due to the Court on January 11, 2024, the Court did not dismiss this action until January 16, 2024.

2

Additionally, plaintiff's motion provides no basis to conclude that her failure to comply with the Court's January 11, 2024, deadline was attributable to anything beyond her control, or any special circumstance. In fact, she indicates she merely "lost track of time" and did not properly read the Court's Order which indicated clearly that plaintiff needed to comply with the instructions in the Order by filing an amended complaint within twenty-one (21) days of December 21, 2023.

Plaintiff's motion points to no manifest error of law or fact and identifies no exceptional circumstances warranting relief. Plaintiff does not indicate how or why she failed to receive the Court's Order in a timely fashion, and she also fails to indicate why she failed to seek an extension of time immediately after she received the Court's Order and recognized her amendment would be late.

Taking plaintiff's assertions at face value, the Court presumes plaintiff received the Order no later than January 15, 2024. Although plaintiff's amended complaint was due to the Court on January 11, 2024, the Court did not dismiss this action until January 16, 2024. Thus, she could have sought an extension prior to dismissal of this action. Furthermore, plaintiff failed to provide the proper amended complaint on the Court-form with her extension of time. And she has not provided any indication how she would correct the deficiencies in the original complaint.

Although a district court "should freely give leave [to amend] when justice so requires, Fed. R. Civ. P. 15(a)(2), plaintiffs do not enjoy an absolute or automatic right to amend a deficient . . . [c]omplaint." *United States ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted). Moreover, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. "Post-dismissal motions to amend are disfavored." *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.,* 623 F.3d 1200, 1208 (8th Cir. 2010). Finally, to preserve the right to amend the complaint, "a party

3

must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.,* 778 F.2d 457, 460 (8th Cir. 1985) (internal citation omitted). Given plaintiff's failure to seek an extension in a timely manner, her lack of good cause for missing the deadline to amend, her failure to provide an amended complaint with her motion, as well as her failure to give an indication how she would amend her original complaint, the Court feels that it must deny her motion to amend.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion [ECF No. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 2nd day of February, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE